[Civ. No. 17863.   First Dist., Div. Two.   July 21, 1958.]

CHRIS R. PETERSEN II, as Executor, etc., Respondent, v. IRWIN FRIEDMAN et al., Appellants.

_____
*Assigned by Chairman of Judicial Council.

Charles M. Stark and Paul W. McComish for Appellants.

Albert Picard for Respondent.

KAUFMAN, P. J.—The parties are owners of adjacent parcels of improved real estate situated on Franklin Street in San Francisco. Plaintiff's complaint sought to perpetually enjoin the defendants from violating an express easement of light, air and unobstructed view created in favor of plaintiff's property and to compel the defendants to remove certain television aerials and antennae. The trial court found all of the allegations of the complaint to be true, rendered judgment for the plaintiff, and issued both injunctions requested. Defendants appeal.

The nature and creation of the easement appurtenant to plaintiff's property is not in dispute. On November 6, 1942, Mary Petersen, now deceased, also known as Mrs. Chris Petersen, by a grant deed duly recorded conveyed a part of her property on Franklin Street to C. A. Petersen. The deed contained the followed reservation of an easement:

"RESERVING, however, unto the first party, her successors and assigns, as and for an appurtenance to the real property hereinafter particularly described and designated as 'Parcel A' and any part thereof, a *perpetual easement of right to receive light, air and unobstructed view over that portion of*

*the real property hereinabove described,* to the extent that said light, air and view will be received and enjoyed by limiting any structure, fence, trees or shrubs upon said property hereinabove described or any part thereof, to a height *not* extending above a horizontal plane *28* feet above the level of the sidewalk of Franklin Street as the sidewalk level now exists at the junction of the southern and western boundary lines of the property hereinabove described. Any obstruction of such view above said horizontal plane except by a peaked gable roof extending the entire width of the front of the building referred to herein and extending 9 feet in an easterly direction from a point 1 foot 6 inches east of Franklin Street, the height of said peaked roof being 3 feet 2 inches together with spindles 3 feet in height on the peak of said roof, and except the necessary number of flues or vents constructed of galvanized iron and/or terra cotta not over 4 feet in height, shall be considered an unauthorized interference with such right or easement and shall be removed upon demand at the expense of second party, and his successors and assigns in the ownership of that real property described or any part thereof.''

Thereafter, the defendants, by mesne conveyances from C. A. Petersen acquired all of the property conveyed by the deed of November 6, 1942, subject to the reservation. Plaintiff is the duly appointed and qualified executor of the estate of Mary Petersen, which is the owner of the dominant tenement.

Defendants' contentions on appeal are limited to the following: (1) that it could not have been the intent of the parties to preclude the erection of television aerials and antennae on the defendants' roof as the easement was created before such devices were known; (2) that the evidence does not support the judgment.

■ The language of the easement is clear and leaves no room for construction or determination of the intent of the parties, as contended by the defendant. Its purpose is to avoid any type of obstruction of the light, air and view without regard to the nature thereof. The reservation was not limited to the use then being made of the servient estate, but extended to all uses to which the servient estate might thereafter be devoted. ■ Easements of light and air may be created in this state. (Civ. Code, § 801; *Bryan v. Grosse,* 155 Cal. 132 [99 P. 499].) ■ Although we have not been able to find a California precedent on an easement of view, the

248

weight of authority is that such an easement may be created by express grant. (See 142 A.L.R. 467 and cases collected therein.) It has been held in this state however, that interference with an easement of light, air or view by a structure in the street is ground for an injunction. (*Williams* v. *Los Angeles R. Co.*, 150 Cal. 592 [89 P. 330].)

As to defendant's second contention, the issue of whether or not the aerials and antennae obstructed plaintiff's view and otherwise interfered with the easement to the detriment of the plaintiff, were questions of fact for the lower court. The plaintiff offered evidence as to the size and nature of the obstructions and testified that because of the presence of the aerials and antennae, he received a lesser rental for the apartments on his property. The question of granting or refusing an injunction is addressed to the sound discretion of the lower court and its action will not be reversed on appeal unless there appears to be an abuse of discretion. (*Williams* v. *Los Angeles R. Co.*, *supra*.) The record here supports the judgment.

Judgment affirmed.

Dooling, J., and Draper, J., concurred.